UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 17 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JULIO RAMOS,

*Plaintiff,*

v.

DOMINICAN REPUBLIC, *et al.*,

*Defendants.*

No. 18-cv-2669 (UNA)

## MEMORANDUM OPINION

The plaintiff is a citizen of the Dominican Republic, ECF No. 1 (Compl.) at 1, who was extradited to stand trial in the United States pursuant to an extradition treaty between the two countries, *id.* at 2. According to the plaintiff, "when the extradition of a national is granted, a penalty greater than the maximum established in the country will not be applied." *Id.* He alleges that the 35-year prison term imposed upon him is unlawful because it causes him "to serve five . . . extra years in prison in clear violation of the extradition treaty and the Dominican Republic Constitution." *Id.* at 3.[1]

The plaintiff brings this action against the Dominican Republic, its Ambassador, Consul General, and Cansillier, alleging that these defendants "failed to protect" him. *Id.* at 2. First, the plaintiff alleges that the defendants "breach[ed] their fiduciary duty owed to [him] as guaranteed under the Constitution of the Dominican Republic." *Id.* at 3 (Count One). Second, the plaintiff claims that the defendants deprived him "of access and protection of the Consulate as required

---

[1] Although the plaintiff does not provide a copy of (or discernible citation to) the extradition treaty on which he relies, he appears to refer to the treaty ratified by the United States on August 26, 1910. *See* Convention Between the United States & the Dominican Republic for the Extradition of Criminals, 36 Stat 2468 (Aug. 26, 1910).

by Article 5 of the Vienna Convention on Consular Relations." *Id.* (Count Two). Third, the plaintiff asserts that the defendants abandoned him "to the vices and devices of a foreign government contrary to the Dominican Republic Constitution by allow[ing] [him] to serve five (5) extra years in prison in clear violation of the extradition treaty and Dominican Republic Constitution." *Id.* (Count Three). For these actions, the plaintiff "demands the sum certain of $100,000,000 . . . in United States currency from [the defendants] collectively in their individual/official capacity for denial of access to consular services, breach of duty, abandonment and failure to protect [him] despite repeated request[s] for assistance." *Id.*

The Court previously issued an order to show cause why this civil action should not be dismissed for lack of subject matter jurisdiction. ECF No. 4. Insofar as the plaintiff purports to raise a tort claim against a foreign state, and a foreign state ordinarily is immune from suit in United States courts, *see Republic of Iraq v. Beaty*, 556 U.S. 848, 851 (2009), the plaintiff was directed to identify the provision(s) of the Foreign Sovereign Immunities Act under which he brings his claims.[2] The plaintiff has responded to the order to show cause, ECF No. 5, and has submitted an amended complaint, ECF No. 6. According to the plaintiff, the Dominican Republic waived its immunity "by signing the extradition document [thereby agreeing] that the Plaintiff would not be subject to more than 30 years confinement in the United States." ECF No. 6 (Am. Compl.) at 2. The Court is not persuaded.

First, it is not clear which "extradition document" the plaintiff is referring to. To the extent the plaintiff means to refer to a document specific to his case and separate from the

---

[2] It is well established that the Alien Tort Statute (ATS), 28 U.S.C. § 1350, on which the plaintiff relies for his cause of action, "does not confer any waiver of foreign sovereign immunity" and that "[t]he FSIA provides the sole basis for obtaining jurisdiction over a foreign state" in an ATS action. *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (internal quotation marks omitted).

2

overarching extradition treaty signed by the United States and the Dominican Republic, he has not provided that document to the Court or made any specific allegations about its contents. The Court therefore has no basis for concluding that the document served as an implied or express waiver of foreign sovereign immunity, as opposed to a mere agreement between sovereigns.

The plaintiff's waiver argument is equally unavailing if premised on the underlying extradition treaty between the United States and the Dominican Republic. "In the absence of specific language in [a] treaty waiving . . . sovereign immunity . . ., the treaty must be interpreted in accord with the rule that treaty violations are normally to be redressed outside the courtroom." *Canadian Transp. Co. v. United States*, 663 F.2d 1081, 1092 (D.C. Cir. 1980). The extradition treaty does not include *any* language suggesting a waiver of the Dominican Republic's sovereign immunity—let alone the "specific language" this Circuit requires. *Id.*; *see* Convention Between the United States & the Dominican Republic for the Extradition of Criminals, 36 Stat 2468 (no mention of waiver or sovereign immunity). Nor is the plaintiff aided by his passing reference to another treaty, the United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, *see* Compl. at 2–3, because that treaty likewise does not mention waiver or immunity, *see* Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, 28 I.L.M. 493, 493 (1989).

In addition to failing to establish a waiver of foreign sovereign immunity, the plaintiff has failed to establish that his "extradition document" or any related treaties create a private right of action. *Medellin v. Texas*, 552 U.S. 491, 506 n.3 (2008) (explaining the "background presumption" that "international agreements, even those directly benefiting private persons, generally do not create private rights or provide for a private cause of action in domestic courts" and noting that "a number of the Court of Appeals," including the D.C. Circuit, "have presumed

3

that treaties do not create privately enforceable rights in the absence of express language to the contrary" (alteration adopted and internal quotation marks omitted)). The plaintiff invokes the ATS, which confers federal jurisdiction over certain torts committed in violation of international treaties, 28 U.S.C. § 1350, but that statute applies only to "suits against private defendants, not against foreign sovereigns," and is therefore inapplicable. *Mohammadi*, 782 F.3d at 17.

Because the Court lacks subject matter jurisdiction, it will dismiss the complaint, as amended, and this civil action without prejudice. An order is issued separately.

April 12, 2019

United States District Judge

4